### EDITH JOHNSON v. L. S. COVINGTON ET AL.

(Filed 12 November, 1919.)

**Appeal and Error—Rules of Court—Motions—Dismiss Appeal—Certificate—Transcripts—Clerks of Court.**

The clerk of the Superior Court, upon payment of the costs of the certificate, is without authority to refuse to sign the appellee's certificate, under Rule 17, to docket and dismiss the appeal in the Supreme Court for the appellant's failure to docket his appeal under the rule, and his refusal to do so, based upon the ground that appellant had paid him on account for making out the transcript, is an attempt to pass upon the rights of the parties on questions reserved for the Supreme Court: it being required of the appellant in such cases, either to apply for a *certiorari,* or answer appellee's motion and show cause why his appeal should not be dismissed.

MOTION by the defendant to docket and dismiss the appeal of plaintiff under Rule 17 of this Court.

*McIntyre, Lawrence & Proctor for appellee.*
*No counsel for appellant.*

PER CURIAM. This case was tried at March Term, 1919, of RICH-
MOND. On motion of the defendant the plaintiff was nonsuited at the
close of the evidence and appealed. The case on appeal was agreed and
filed in the office of the clerk of the Superior Court of Richmond some
months ago.

The transcript on appeal, not having been docketed here in the time
required at this term, the appellee prepared the certificate required by
Rule 17 for this motion and forwarded the same to the clerk of Rich-
mond with request to sign the same. The clerk of Richmond telephoned
the defendant's counsel, who resided in Robeson, that the plaintiff's coun-
sel had two weeks previously come to his office and paid him $20 on
account for making out the transcript, and requested him to prepare the
same, and declined to sign and return the certificate.

This action of the clerk was entirely without authority, and the ap-
pellee was entitled to said certificate upon application and payment of
the costs of the certificate. It was for this Court, and not for the clerk
below, to decide upon the rights of the parties as to the motion to dis-
miss. If this were not true, it would be in the power of a clerk below
to control the course of appeals to this Court.

It would seem that the appellant was in laches for putting off his
application for the transcript of the record until just before the time
when it should have been sent up, though the appeal was taken in March
last, and he was further in laches that when the clerk delayed in making
out the transcript he did not take steps to have it made out himself and
certified to by the clerk. If there was any valid excuse the appellant
should have filed his application for a certiorari, in apt time, in this
Court or have answered the motion to dismiss under Rule 17 by showing
cause.

The rights of the appellee cannot be thus denied, and the motion to
dismiss under Rule 17 must be granted.

Motion allowed.